J-S42009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.D.G. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.C.M. | : | |
| | : | |
| Appellant | : | No. 372 MDA 2017 |
| v. | : | |
| | : | |
| P.R.G. & D.S.G. | | |

Appeal from the Order Entered January 31, 2017
In the Court of Common Pleas of Franklin County
Civil Division at No(s):  2014-1898

BEFORE:   OLSON, MOULTON, JJ., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY OLSON, J.:              **FILED AUGUST 04, 2017**

M.C.M. ("Mother") appeals from the order entered on January 31, 2017, that granted the petition filed by Appellee, M.D.G. ("Father"), and his parents, the Intervenor Appellees, in the custody case between him and Mother ("Intervenors"), to hold Mother in contempt of the trial court's custody order that was entered on February 23, 2016.  We vacate and remand.

In its opinion, the trial court set forth the factual background and procedural history of this appeal as follows:

> On June 1, 2016, [Father] and Intervenors filed a *Praecipe* to Discontinue the Above Captioned Matter at the Request of the Petitioner/Intervenors and the Plaintiff/Father, which was prepared by Attorney James M. Stein.  On September 20, 2016, [Mother] filed a *praecipe* discharging her attorneys, Mid Penn

Legal Services. On December 29, 2016, Attorney Stein filed a Petition for Civil Contempt for Disobedience of Custody Order on behalf of [Father] and Intervenors. The court entered a notice and order to appear on January 4, 2017, which scheduled a hearing on the matter for January 31, 2017. The hearing was convened on January 31, 2017, and [Father] and Intervenors appeared in person, and were represented by Attorney Stein. [Mother] did not appear. The court heard testimony and entered an order [] that same day, finding [Mother] in contempt.

On February 13, 2017, Intervenors filed an Entry of Appearance of Self-Represented Party, as well as a Petition for Civil Contempt for Disobedience of a Custody Order. The next day, the court entered [an] order to appear[,] setting a hearing for March 1, 2017, at 2:30 p.m. On February 28, 2017, [Mother], through her attorney, Nicole M. Sipe,, Esq., of Mid Penn Legal Services, filed a *Praecipe* to Allow [Mother] to Proceed *In Forma Pauperis*. Also that day, [Mother] filed a notice of appeal [from the January 31, 2017 order]. Due to the pending appeal, the hearing on the second Petition for Civil Contempt for Disobedience of a Custody Order was not held as scheduled.

Trial Court Opinion, 3/31/17, at 1-2 (some internal italicization and capitalization omitted).

In her brief on appeal, Mother raises five issues, as follows:

I. Whether the trial court committed an error of law when it found it had jurisdiction to hold Mother in contempt of a custody order despite Father and [Intervenors] having discontinued the underlying custody action[?]

II. Whether the trial court committed an error of law and deprived Mother of due process when it held a hearing on a Petition for Contempt for which Mother was not properly served pursuant to Pa.R.C.P. No. 1915.12(d)[?]

III. Whether the trial court committed an error of law by holding a hearing on the Petition for Contempt in the absence of Mother in violation of Pa.R.C.P. No. 1915.12(d)[?]

IV. Whether the trial court erred or abused its discretion when it found, without proper support in the record, that Mother was in

- 2 -

contempt of an order that had been discontinued and docketed as such by the Franklin County Prothonotary[?]

V. Whether the trial court committed an error of law by ordering punishments for contempt that are not authorized under the exhaustive list of 23 Pa.C.S. § 5323(g)[?]

Mother's Brief at 2.[1]

Concerning Mother's third issue, the trial court stated the following:

[Mother] asserts that this court committed an error of law by holding a hearing on the Petition for Contempt in which [Mother] was not present.  Based on Pa.R.C.P. 1915.12(d), the court is constrained to agree.  The court is constrained to find that a remand is necessary to hold a hearing on the petition in which [Mother] is present.  The court had serious concerns regarding [Mother's] constant changes of residence and her inability, or outright refusal, to provide the opposing parties or the court with an address at which she could be reached.  It is that conduct that caused the hearing to be conducted in her absence.  Those concerns are lessened with her now being represented by Nicole M. Sipe, Esq., of Mid Penn Legal Services.  Therefore, the court believes [Mother's] claim is valid on this specific issue.

Trial Court Opinion, 3/31/17, at 4.

As the trial court admittedly erred in holding a hearing on the contempt petition in the absence of Mother and it requests a remand of the matter, we will remand the matter to the trial court for further proceedings. In so doing, we do not reach Mother's second issue, concerning improper notice of the hearing to Mother; her fourth issue, whether the record supports a finding of contempt against Mother; and her fifth issue, whether the trial court imposed improper punishments for the contempt holding.  We

---

[1] Mother stated her issues somewhat differently in her concise statement.

find, however, that the trial court continued to have jurisdiction over the underlying custody action and could rule on the contempt petition, as the court had not granted leave to either party to discontinue the action after notice to Mother (Pa.R.C.P. 1915.3-1(b)(2)(A)), and there was no written agreement of the parties to discontinue the custody action in the record (Pa.R.C.P. 1915.3-1(b)(2)(B)). **See** Trial Court Opinion, 3/31/17, at 3. Thus, we reject Mother's first issue, and find the trial court's exercise of jurisdiction over the contempt petition proper.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2017

- 4 -